# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**MARSHALL PHILLIPS**                                                                          **PLAINTIFF**

**v.**                                                                                    **No. 4:18CV14-JMV**

**SHERIFF KEVIN WILLIAMS, ET AL.**                                                           **DEFENDANTS**


## ORDER DENYING PLAINTIFF'S
## MOTION [35] FOR DISCOVERY AND
## SUBPOENAS FOR FREE WORLD WITNESSES

### Discovery

The plaintiff has filed a motion [35] to conduct discovery and to subpoena free world

witnesses in the present case proceeding under 42 U.S.C. § 1983 challenging the conditions of his

confinement.   The plaintiff is currently incarcerated at the Alcorn County Correctional Facility.

Discovery in *pro se* prisoner conditions of confinement cases is limited to that set forth in the court's

scheduling order.   Some of the information the plaintiff seeks has been provided as attachments to

the defendants' pending motion for summary judgment (affidavits and other documents regarding

maintenance on the lights in his housing unit at the Bolivar County Regional Correctional Facility).

Some of the documents are not necessary at this stage of proceedings (the plaintiff's medical records

and documents regarding the company that eventually repaired the lights).

The defendants have moved for summary judgment, arguing that, even if the plaintiff's

allegations are true regarding the lights in his unit, he has not shown the violation of a constitutional

right under 42 U.S.C. § 1983.   In addition, the defendants have provided some evidence that the

plaintiff did not exhaust his administrative remedies before filing suit.   The discovery the plaintiff

seeks is likely voluminous – and is not relevant to the issues raised in the defendants' motion for

summary judgment.   In the interest of efficiency, will not require the defendants to produce

additional discovery regarding the merits of this case until such discovery is necessary for its resolution.

For these reasons, the plaintiff's motion [35] for discovery of these items is **DENIED**, but without prejudice to his ability to seek additional discovery should the court deny the pending motion for summary judgment.

### Free World Witnesses

In the instant motion, the plaintiff also requests that the court issue subpoenas to compel free world witnesses to attend trial. A *pro se* party has the same obligation to secure witnesses as other parties and must use the same method available to other parties – service of a subpoena with an accompanying witness fee and mileage upon someone not a party to the case. As to the plaintiff's difficulty in securing the attendance of his free world witnesses, the court is sympathetic to the plaintiff's position, but there is no allowance in the statutes governing *in forma pauperis* for providing government funds to do so. *Lawrence v. Richardson*, 248 F.3d 1142 (5th Cir. 2001), 2001 WL 184830 (C.A.5 (Miss.)) (unpublished) ("The law affords no subsidy to I.F.P. plaintiffs for [issuing subpoenas to free world witnesses]."); FED. R. CIV. P. 45(b)(1)(requiring party seeking subpoena to tender one day's attendance fee of $40, plus estimated mileage, with each subpoena served); 28 U.S.C. § 1821(b) (setting amount of attendance fee at $40); 28 U.S.C. § 1821(c) (discussing travel allowance); 28 U.S.C. § 1915 (no provision requiring government to bear the cost of securing the attendance of witnesses at trial). As such, his request for the court to issue subpoenas is also **DENIED**.

**SO ORDERED**, this, the 7th day of March, 2019.

/s/    Jane M. Virden
UNITED STATES MAGISTRATE JUDGE