## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

MARSHALL PHILLIPS                                                    PLAINTIFF

v.                                                            No. 4:18CV14-JMV

SHERIFF KEVIN WILLIAMS, ET AL.                                      DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Marshall Phillips, who

challenges the conditions of his confinement under 42 U.S.C. § 1983.  For the purposes of the Prison

Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit.  The

plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action

against "[e]very person" who under color of state authority causes the "deprivation of any rights,

privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  The plaintiff

alleges that during his incarceration in the Bolivar County Regional Correctional Facility ("BCRCF")

the lights in his living area would not turn off at night.  According to the plaintiff, the nighttime lights

disrupted his sleep and made the "nerves" in his eyes hurt.  The defendants have moved [39] for

summary judgment, and the plaintiff has responded.  The matter is ripe for resolution.  For the reasons

set forth below, the defendants' motion for summary judgment will be granted, and judgment will be

entered for the defendants.

## Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations (including those

made for purposes of the motion only), admissions, interrogatory answers, or other materials" show

that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of

proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

The very purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine issue for trial." Advisory Committee Note to the 1963 Amendments to Rule 56. Indeed, "[t]he amendment is not intended to derogate from the solemnity of the pleadings[;] [r]ather, it recognizes that despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The non-moving party (the plaintiff in this case), must come forward with proof to support each element of his claim. The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986), "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3180 (1990), "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994). It would undermine the purposes of summary judgment if a party could defeat such a motion simply by "replac[ing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).

In considering a motion for summary judgment, a court must determine whether the non-moving party's allegations are *plausible*. *Matsushita, supra*. (emphasis added). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (discussing plausibility of claim as a requirement to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

In considering a motion for summary judgment, once the court "has determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable by the record*, [the ultimate decision becomes] purely a question of law." *Scott v. Harris*, 550 U.S. 372, 381 (2007) (emphasis in original). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment." *Id.* at 380.

### Undisputed Material Facts

Marshall Phillips is currently serving a 30-year sentence for armed robbery and aggravated assault. (See deposition of Plaintiff Marshall Phillips, p. 17, attached to Motion for Summary Judgment as Exhibit A.) When he first arrived at the BCRCF in 2015, he was housed in general population. In 2016, he got in a fight with a fellow inmate and was struck on the head by a metal lock. As a result, he underwent surgery to repair a skull fracture. Mr. Phillips alleges that the injury damaged his eyesight. *Id.* at 39.

He was later transferred to zone S-1, a dormitory-style barracks. Mr. Phillips alleges that beginning in February of 2017, the lights in S-1 would not dim at night. *Id.* at 27. He claims that the continuous lighting made the "nerves" in his eyes hurt. *Id.* at 40. In his deposition, however, he testified that the ceilings of S-1 were 20-30 feet high – and that he slept in a bottom bunk. *Id.* at 51-52. No medical evidence in this case supports a link between the continuous lighting in S-1 and Mr. Phillips' alleged eye pain. There is also no evidence in this case that his alleged intermittent sleep loss caused him to suffer injury. Mr. Phillips also testified that he never asked to be transferred out of S-1 to a new housing unit. *Id.* 36-37.

The defendants acknowledge that there was a problem with the lights not dimming in S-1, and the problem was not repaired until after Phillips was transferred out of the BCRCF in September of 2017. However, the Sheriff and the Warden provided affidavits stating that they did not become aware of the problem with the continuous lighting in S-1 until after Phillips left the BCRCF. *See* Affidavit of Sheriff Kelvin Williams, attached to Motion for Summary Judgment as Exhibit B; see also Affidavit of Warden Ora Starks, attached to Motion for Summary Judgment as Exhibit C.

Once Warden Starks learned of the problem, she took steps to fix it. *See* Exhibit C. (*See also* emails between Warden and "B & E Communications," attached to Motion for Summary Judgment as Exhibit D; "B & E Communications Purchase Order," attached to Motion for Summary Judgment as Exhibit E.) These affidavits show that the Warden and the Sheriff were not aware that any prisoner was complaining that the lights not dimming in S-1 were having a negative impact on them. Finally, the second affidavit of Warden Starks identifies a legitimate penological interest in having at least some light on at all times in S-1 for security and safety concerns. (See Second Affidavit of Warden, attached to Motion for Summary Judgment as Exhibit F.)

### Discussion

In this case, the plaintiff has not made a plausible showing that he suffered any injury from the continuous lighting in his housing unit. As set forth above, the lights in Mr. Phillips' housing area were some 30 feet above the floor, and he slept on a bottom bunk the entire time he was housed there. For security reasons, the lights in the open barracks-style unit are only dimmed at night; thus, even if the lights had been repaired during the plaintiff's stay at the BCRCF, he would not have been able to sleep in darkness. Further, the plaintiff acknowledged that he could use his covers to partially block the light. Finally, the plaintiff never requested to be moved from unit S-1 (though he stated that his decision not to request a transfer was based upon security reasons).

**Eighth Amendment Violations**

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). Prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Although the constitution "does not mandate comfortable prisons," *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981), conditions of confinement "must not involve the wanton and unnecessary infliction of pain." *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999)

The plaintiff must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment. First, the deprivation must be – objectively – sufficiently serious; a prison official's actions must result in the denial of the minimal civilized measure of life's necessities. Second, the prison official must have a sufficiently culpable state of mind – known as deliberate indifference. *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). To meet this standard, the prisoner must show that the defendant: (1) knew of facts from which could give rise to an inference that the prisoner faced an excess risk to his health or safety, and (2) that they actually drew that inference. *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998). The Fifth Circuit has, however, rejected the argument that continuous bright lighting – even when coupled with the additional deprivation of segregation – constitutes an Eighth Amendment violation.

This court has recognized that sleep constitutes a basic human need. *Harper,* 174 F.3d

at 720.  Even assuming *arguendo* that Chavarria has alleged conditions leading to a sleep deprivation sufficiently serious to be cognizable under the Eighth Amendment, Chavarria cannot establish an Eighth Amendment violation because he cannot show that his deprivation is unnecessary and wanton.  According to Chavarria, he was told by defendant Major Alford that the lights were kept on in the administrative segregation area for security reasons to prevent guards being assaulted by an inmate in a dark cell.  A policy of dimming the lights at night and brightening them each time the guards passed by the cell would be even more disruptive to inmate sleep and thus was not an alternative that would fully accommodate the prisoner's right to sleep.  *See Turner v. Safley,* 482 U.S. 78, 91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) ( "[A]n alternative that fully accommodates the prisoner's rights at de minimis cost to valid penological interests may indicate a regulation is not reasonable").  The policy of constant illumination is thus reasonably related to the legitimate penological interest of guard security.  Accordingly, the enforcement of the policy does not violate the Eighth Amendment.  *See Talib,* 138 F.3d at 214.  Because the policy of 24–hour illumination does not violate the Eighth Amendment, Chavarria's complaint about the policy is based upon an indisputably meritless legal theory.  The magistrate judge's determination that Chavarria's lawsuit was frivolous was correct.

*Chavarria v. Stacks*, 102 F. App'x 433, 436–37 (5th Cir. 2004) (not reported).  Indeed, as set forth above, Mr. Chavarria's case was dismissed as frivolous.

In addition, the evidence produced during summary judgment shows that the continuous bright lighting was not intentional; instead, it arose from the faulty installation of a new lighting system.  Once the defendants became aware of the failure of the lights to dim at night, the problem was repaired, though the repair took place after the plaintiff had transferred to another facility.  Thus, the plaintiff has not established that the defendants had a culpable state of mind regarding the continuous lighting.  For these reasons, considering the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the instant claims do not rise to the level of a constitutional violation.  The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time.  *See Woods*, 51 F.3d at 581.

## Conclusion

For the reasons set forth above, the motion [39] by the defendants for summary judgment will be granted, and the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 7th day of May, 2019.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE